FILED

DEC 22 2010

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| JAMES THOMAS, | No. 09-35799 |
| Plaintiff - Appellee, | D.C. No. 1:08-cv-3111-CL |
| v. | MEMORANDUM[*] |
| EVERETT CARROLL; JOHN VIAL; BRIAN POWERS; GREGORY COSTANZO, | |
| Defendant - Appellants | |
| and | |
| JAMES MILLER, | |
| Defendant | |

Appeal from the United States District Court
for the District of Oregon
Mark D. Clarke, Magistrate Judge, Presiding

Argued and Submitted October 7, 2010
Portland, Oregon

Before: TASHIMA, PAEZ and CLIFTON, Circuit Judges.

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

James Thomas was involved in a noisy fight at a highway rest area owned and operated by the Oregon State Department of Transportation (ODOT). ODOT officials ordered Thomas permanently excluded from the rest area and, when Thomas returned to the property, authorized his arrest by the Oregon State Police for second-degree criminal trespass. Thomas sued under 42 U.S.C. § 1983, arguing that his arrest was illegal and that his Fourth Amendment rights were violated. The district court denied the motion of the ODOT individual defendants for summary judgment on the grounds of qualified immunity. We affirm.

Oregon law defines trespass as entry onto property after being lawfully excluded. *See* O.R.S. § 164.205(3)(c). Thomas contends that he had not been lawfully excluded from the rest area and thus that there was no probable cause for his arrest. The constitutional proposition that an arrest may not be made without probable cause of a violation is clearly established. There is a disputed issue whether the ODOT defendants reasonably believed that they had the authority to exclude Thomas permanently and had effectively done so. ODOT regulations governing rest areas do not give the agency authority to exclude someone permanently from a rest area. OAR 734-030-0010 lists activities prohibited in rest areas, and OAR 734-030-0015 permits a rest area attendant to order a person

2

violating OAR 734-030-0010 to leave the rest area. But OAR 734-030-0015 does not authorize the agency to ban a person from reentering the property.

The ODOT defendants have asserted that ODOT has a broad, inherent right as a property owner to exclude persons from the rest area, but they have not demonstrated that they are entitled to qualified immunity as a matter of law on that basis. The property in question is owned by the state, appears to be open to the public, and is intended for public use. ODOT does not necessarily have all the rights a private land owner might have to bar a particular individual permanently from entering the property. It remains uncertain, then, whether the ODOT defendants could have reasonably believed that they had such authority and that they had effectively exercised it.

**AFFIRMED**.